UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

| | |
|---|---|
| KENNETH MOBLEY, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:20-080-HRW |
| ) | |
| v. ) | |
| ) | |
| KENTUCKY STATE POLICE, ET AL., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kenneth Mobley is an inmate at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Mobley filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [D. E. No. 1]. That complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A and 1915(e)(2).

As an initial matter, Mobley's complaint is difficult to follow and violates various procedural rules. For starters, Mobley's complaint is not on this Court's approved E.D. Ky. 520 Civil Rights Complaint Form, as required by Local Rule 5.3. Moreover, Mobley's allegations are not "simple, concise, and direct," as required by Fed. R. Civ. P. 8(d)(1). Instead, Mobley's allegations are written in a vague, confusing narrative attached to his complaint [*see* D. E. No. 1-1], and he does not clearly and consistently link those allegations or his legal claims to the various listed

1

defendants [*see* D. E. No. 1 at 2-3]. Mobley's pleading also appears to violate Fed. R. Civ. P. 20(a)(2)(A), which only allows a plaintiff to join one claim against one defendant and a different claim against a different defendant in one lawsuit if both claims arise out of the same occurrence or series of occurrences. As best as the Court can tell, Mobley is asserting multiple distinct claims against different defendants. [*See* D. E. Nos. 1, 1-1]. Still, since Mobley is a *pro se* litigant who is afforded latitude, the Court has attempted to identify and screen those claims that it can follow.

Mobley's first listed defendants are "John Doe Arresting Officers" who allegedly work for the Kentucky State Police. [D. E. No. 1 at 2]. As best as the Court can tell, Mobley is claiming that these unnamed officers ran afoul of his constitutional rights by engaging in a so-called "illegal and insufficient" search that Mobley suggests calls into question the validity of his "immediate[ ] arrest[ ]" and pending state criminal charges. [*See* D. E. No. 1-1 at 1].

Since these claims appear to directly challenge the viability of the ongoing state criminal prosecution against Mobley, the Court will abstain from resolving them and, instead, dismiss them without prejudice to Mobley's right to reassert them in the future. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court explained that federal courts should generally abstain from interfering in state court actions that are ongoing, involve important state interests, and provide an adequate

2

opportunity to raise challenges.  *See also Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008) (discussing *Younger* abstention).

Here, the related state criminal case against Mobley is ongoing.  Indeed, the publicly available docket sheet from state court shows that Mobley is currently facing numerous felony criminal charges, including but not limited to receiving goods by fraud, criminal possession of a forged instrument, identity theft, and being a persistent felony offender, and that his case is set for a status hearing on January 8, 2021.  *See Commonwealth of Kentucky v. Kenneth Mobley*, No. 20-CR-00953 (Fayette Circuit Court 2020), https://kcoj.kycourts.net/CourtNet (last accessed on December 29, 2020).  This ongoing criminal case involves important state interests, and Mobley has the opportunity to raise his various challenges during the course of that criminal proceeding.  Therefore, this Court will abstain from interfering in Mobley's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions."  *Stevenson v. Prime Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, at *3 (E.D. Ky. 2017) (collecting cases); *see also Mayes v. Rozalski*, No. 20-5364 (6th Cir. Oct. 9, 2020) (affirming this Court's without-prejudice dismissal of claims under the *Younger* abstention doctrine).

Next, Mobley appears to repeatedly name the Kentucky State Police and/or its "Department of Criminal Justice Training" as defendants.  [*See* D. E. No. 1 at 2].  As best as the Court can tell, Mobley is pursuing claims for money damages against

3

these state agencies based on the conduct of certain individuals related to the ongoing COVID-19 pandemic. [*See* D. E. No. 1 at 5; D. E. No. 1-1 at 1-5]. That said, the Court will dismiss the claims because the Eleventh Amendment bars suits for money damages against these state agencies. *See Jones v. Kentucky State Police*, No. 1:19-cv-P26-GNS, 2019 WL 2565635, at *2 (W.D. Ky. 2019) (collecting cases).

Mobley next lists the "Lexington Police Department" as a defendant [*see* D. E. No. 1 at 3], and he also appears to be pursuing claims for money damages against this entity based on matters related to the pandemic. [*See* D. E. No. 1 at 5; D. E. No. 1-1 at 1-5]. However, this is not a legal entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department itself is not an entity which may be sued, [the county] is the proper party to address the allegations of [the plaintiff's] complaint."); *Hornback v. Lexington-Fayette Urban Co. Gov't*, 905 F. Supp.2d 747, 749 (E.D. Ky. 2012). And while Mobley also suggests that he may be pursuing one or more claims against the cities of Lexington and Frankfort, Kentucky [*see* D. E. No. 1 at 2-3, 5], he fails to clearly identify, in an understandable way, a specific municipal policy or custom at issue in his case.[1] Thus, the Court will dismiss these claims as well.

---

[1] While Mobley does periodically discuss municipal liability in the lengthy brief attached to his complaint [*see* D. E. No. 1-1], his allegations on this front are vague and very difficult to follow.

Finally, Mobley lists as defendants certain "John Doe" detectives who allegedly interviewed him at a police station in Lexington, Kentucky. [*See* D. E. No. 1 at 3]. However, having reviewed Mobley's complaint and attached brief, it is simply not clear what his allegations or claims are against these defendants. Therefore, the Court will dismiss these final claims without prejudice.

Accordingly, it is **ORDERED** as follows:

1. Mobley's claims against the "John Doe Arresting Officers" who allegedly work for the Kentucky State Police are **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine.

2. Mobley's claims against the Kentucky State Police and its "Department of Criminal Justice Training" are **DISMISSED** with prejudice.

3. Mobley's claims against the Lexington Police Department, the city of Lexington, Kentucky, and the city of Frankfort, Kentucky, are **DISMISSED** with prejudice.

4. Mobley's claims against the "John Doe" detectives who allegedly interviewed him at a police station in Lexington, Kentucky, are **DISMISSED** without prejudice.

5. This action is **STRICKEN** from the Court's docket.

6. The Court will enter a corresponding Judgment.

This 4th day of January, 2021.

**Signed By:**

*Henry R Wilhoit Jr.* 

**United States District Judge**